UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESUS MONTES DE OCA GODINEZ,

                Plaintiff,

v.

TOM GILES, *et al.*,

                Defendants.

No. C08-5601 RBL/KLS

**REPORT AND RECOMMENDATION
NOTED FOR: June 5, 2009**

      This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

      It has been more than sixty days since the Court's latest mailings to Plaintiff were returned and the Court does not have a current address for the Plaintiff. Therefore, the undersigned recommends that the Court dismiss this action as Plaintiff appears to have abandoned his case.

**DISCUSSION**

      On November 25, 2008, the Court granted Plaintiff's application for leave to proceed in forma pauperis, filed his complaint and directed that the complaint be served. Dkts. 4, 5 and 6. The Court's Orders granting Plaintiff's in forma pauperis application and directing service were

REPORT AND RECOMMENDATION - 1

returned as undeliverable, marked "not deliverable as addressed; unable to forward." Dkt. 7. Included on the envelope returned to the Court were the handwritten notations, "no name match, no A#." *Id.* On January 12, 2009, the Clerk re-mailed Dkt. 6 to Plaintiff with his inmate ID number on the envelope. That mail to Plaintiff was returned as undeliverable on February 17, 2009. Dkt. 13.

On February 13, 2009, the Court granted Defendants' request for an extension of time to file their answer. Dkt. 12. The Court's mail to Plaintiff containing that Order was returned as undeliverable on February 27, 2009.

Plaintiff has not notified the Court of his current address.

Local Rule 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

This action has existed more than sixty days without an address for the Petitioner. Dismissal without prejudice for failure to prosecute is appropriate. Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41(b)(2).

## CONCLUSION

The Court should dismiss this action without prejudice as Petitioner has left no forwarding address and appears to have abandoned the case. Defendant's pending motion to dismiss (Dkt. 15) should be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written

REPORT AND RECOMMENDATION - 2

objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 5, 2009**, as noted in the caption.

DATED at Tacoma, Washington this 12th day of May, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3